AMADEA ITALIA VIDAL, k/a AMADEA BARLETTA, Plaintiff and Appellant, *v.* AMADEO BARLETTA, Defendant and Appellee.

No. 11572.   Argued January 15, 1957.—Decided January 23, 1957.

*Enrique Báez García* for appellant.   *Amador Ramírez Silva* and *Oscar Souffront* for appellee.

PER CURIAM.

In view of the findings of fact and the conclusions of law which constitute the ground of the judgment rendered in this case by the lower court on August 19, 1954, and after carefully examining all the evidence in the record, we are convinced that the two errors assigned by appellant in her brief lack merit.

▇ In the first place, the evidence on paternity, concubinage, and the uninterrupted possession of the status of natural daughter was conflicting. The lower court settled the conflict by giving credit to the defendant-appellee and, in our opinion, its findings of fact are not clearly erroneous. Therefore, pursuant to Rule 52 of the Rules of Civil Procedure (32 L.P.R.A. App., R. 52) we cannot set them aside, especially since the findings of fact are based almost exclusively on oral testimony. See *Carrión* v. *Treasurer of P. R., ante* pp. 350, 363 (1956); *United States* v. *United States Gypsum Co.*, 333 U. S. 364, 394–395 (1948); *United States* v. *Yellow Cab Co.*, 338 U. S. 338, 341–42 (1949); 5 Moore, *Federal Practice* (2d ed. 1951) 2603–2647.

▇ On the other hand, as a matter of law, the evidence in the record is sufficient to support the judgment pursuant to the rules established to determine (1) the paternity in cases of filiation; (2) the concubinage referred to in § 125, par. 3 of the Civil Code—31 L.P.R.A. § 504; and (3) the uninterrupted possession of the status of natural child referred to in paragraph 2 of that same section (even applying the doctrine of preponderance of the evidence which is the more favorable to plaintiff-appellant). See *Sánchez* v. *Díaz*, 78 P.R.R. 171 (1955); *Figueroa* v. *Díaz*, 75 P.R.R. 152 (1953); *Miranda* v. *Cacho*, 66 P.R.R. 521 (1946).

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.